an order adjudging plaintiff husband to be in contempt for failure to pay alimony arrears, admittedly due, and to post security for alimony, as directed. After a hearing upon reference to determine plaintiff's assertion of financial inability to pay, the Referee's report was confirmed and the motion granted. In addition to finding plaintiff to be in contempt and directing payment of arrears and the posting of a bond, the court, *sua sponte,* deemed his opposition papers to have included a prayer for downward modification and reduced the amount of alimony to be paid to $1,166.66 per month, effective March, 1978. When the court was informed that in its decision on the motion to confirm it had overlooked defendant's request for counsel fees, which had been held in abeyance pending receipt and action on the Referee's report, the court denied the application on the ground that plaintiff lacked the financial ability in the light of the burdens imposed by the court's decision directing payment of arrears and current alimony. The refusal to award counsel fees was an abuse of discretion. Section 238 of the Domestic Relations Law provides for the award of counsel fees in the discretion of the court in enforcement proceedings such as these. If defendant, a psychiatrist of no insubstantial means, would be financially burdened by paying counsel fees in these proceedings, it is because he has refused to comply with two prior court orders, which noncompliance necessitated these proceedings. Although plaintiff has appealed from the order confirming the Referee's report and holding him in contempt, he has not submitted any brief on these issues. Accordingly, we deem his appeal abandoned. Finally, it was proper to deny the motion to quash the information subpoena served upon plaintiff's counsel in a companion proceeding. No attorney-client privilege is involved in the information sought and, even if it were, plaintiff waived the privilege, at least as to the questions having to do with fee payments to his attorney. Concur—Evans, J. P., Fein, Sullivan, Lupiano and Lynch, JJ.

■ CICERO HERRING, Petitioner, v STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—Determination of the respondent the State Human Rights Appeal Board, dated September 1, 1978, unanimously confirmed, without costs and without disbursements, the motion granted and the names of respondents Cleary and Ohlweiler are deemed stricken from the proceeding. No opinion. Concur—Fein, J. P., Sandler, Sullivan, Lane and Silverman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVADOR GONZALEZ, Appellant.—Judgment, Supreme Court, New York County, rendered on December 3, 1975, unanimously affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd [5]). No opinion. Concur—Kupferman, J. P., Birns, Sandler, Lane and Silverman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL GONZALEZ, Appellant.—Judgment, Supreme Court, New York County, rendered on December 3, 1975, unanimously affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd [5]). No opinion. Concur—Kupferman, J. P., Birns, Sandler, Lane and Silverman, JJ.

■ ERWIN DICKMAN, Individually and as an Officer, Director and Stockholder of Urbantex Fabrics, Inc., Respondent, v BURTON N. LICHTEN et al., Appellants.—Order, Supreme Court, New York County, entered on September 19, 1978, unanimously affirmed without prejudice to any motions for summary judgment after joinder of issue. (See *Rovello v Orofino Realty Co.,* 40 NY2d 633.) Respondent shall recover of appellants $75 costs and